Nicholas A. Duston, Esq.
NORRIS McLAUGHLIN, PA
400 Crossing Blvd. 8th Fl.
Bridgewater, NJ  08807
(908) 722-0700
naduston@norris-law.com
(*Application for Pro Hac Vice Forthcoming per LR IA 11-2*)

Matthew Addison, Esq. (NSBN 4201)
Sarah Ferguson, Esq. (NSBN 14515)
MCDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, Nevada 89501
Telephone:  775) 788-2000
maddison@mcdonaldcarano.com
sferguson@mcdonaldcarano.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

*****

| | |
|---|---|
| VW CREDIT INC. in its capacity as servicer for VW CREDIT LEASING LTD, <br><br> Plaintiff, <br><br> v. <br><br> MUSCLE MOTORS AUTO SALES, <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR DAMAGES** |

Plaintiff VW Credit Inc., in its capacity as servicer for VW Credit Leasing Ltd. ("VW Credit"), by way of Complaint against Defendant Muscle Motors Auto Sale, Inc. ("MMAS"), alleges as follows:

**Nature of the Action**

1. This is an action by VW Credit against MMAS arising out of MMAS's wrongful retention of VW Credit's property.  VW Credit leased a luxury vehicle to a non-party customer who obtained approval for the lease through fraudulent means.  That vehicle was then subjected to a series of titles washes in more than one state, which VW Credit has been able to partially reverse.  Nonetheless, MMAS has come into possession of that vehicle.  After becoming aware

that the vehicle was (essentially) stolen from VW Credit through this series of frauds, MMAS nonetheless has refused to return VW Credit's vehicle back to VW Credit's possession. Therefore, VW Credit brings this action to remedy this wrongful conversion and regain possession of its property.

**The Parties**

2. VW Credit is a Delaware Statutory Trust with a principal place of business in Michigan. VW Credit Inc. is the servicer for Plaintiff VW Credit, and is a Delaware Corporation with a principal please of business in Virginia. Plaintiff VW Credit is in the business of leasing motor vehicles. Through this business, VW Credit took an assignment of a lease from a non-party motor vehicle dealer relating to a 2020 Audi R8 bearing vehicle identification number WUAVECFX6L790879 (the "Vehicle"), and also became the titled owner of the Vehicle.

3. Upon information and belief, MMAS is a Nevada Corporation with a principal place of business at 326 W. Liberty Street, 2nd Fl., Reno, NV, 89501.

**Jurisdiction**

4. Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00 and because there exists complete diversity between Plaintiff and Defendants. Specifically, the Vehicle is worth greatly in excess of $75,000. Plaintiff is a business trust whose sole member is a Delaware corporation, and member has a principal place of business in Michigan. Defendant is a Nevada corporation with a principal place of business in Nevada.

5. Venue is appropriate pursuant to 28 U.S.C. §1391(a), because Defendant conducts business in Nevada, the subject property (the Vehicle) is believed to be located in Nevada, and a substantial part of the events and actions giving rise to the claims asserted herein occurred in this judicial district.

**Facts**

6. On or about February 15, 2020, non-party Alain Jose Zamora Castellon (the "Customer") entered into a lease agreement with non-party dealership the Collection LLC DBA The Collection (the "Dealership") to lease the Vehicle.

7. It has since come to light that the Customer may have used fraudulent documents to qualify for entry into the lease in the first place.

8. The Dealership thereafter assigned the lease to VW Credit, which also took an ownership interest in the Vehicle.

9. On February 28, 2020, the State of Florida issued a document of title reflecting VW Credit as the owner of the Vehicle.

10. Thereafter, the Vehicle was subjected to a fraudulent title wash in Florida, wherein fraudulent documents were submitted to the motor vehicle titling authorities seeking to improperly transfer VW Credit's ownership interests in the Vehicle.

11. VW Credit was able to reinstate its title in Florida in or about August, 2020.

12. However, VW Credit was not then able to recover possession of the Vehicle.

13. Thereafter, the title was washed a second time in California in or around December, 2020. Again, this involved the submission of fraudulent documents to the motor vehicle titling authorities seeking to improperly transfer VW Credit's ownership interests in the Vehicle.

14. VW Credit has since opened an investigation with the California Department of Motor Vehicles ("DMV"), who put a "stop" on the title while conducting an investigation.

15. Notwithstanding these issues, in or about February 2021, the Vehicle came into the possession of defendant MMAS.

16. On or about February 23, 2021, counsel for VW Credit wrote a letter to MMAS informing MMAS of VW Credit's continued ownership interest in the Vehicle, and demanding that MMAS return possession to VW Credit.

17. On or about February 24, 2021, counsel for VW Credit wrote a second letter to MMAS reiterating that VW Credit owned the Vehicle and demanded immediate possession of the Vehicle from MMAS.

18. MMAS remains in possession of the Vehicle.

19. MMAS has refused to return possession of the Vehicle despite VW Credit's demand.

/ / /

## FIRST CAUSE OF ACTION

**(Replevin pursuant to NRS 17.120)**

20. VW Credit incorporates herein by reference the allegations set forth in the above paragraphs as if fully set forth herein.

21. VW Credit is the owner of the Vehicle, which it leased to Customer.

22. Customer breached the lease, entitling VW Credit to immediate and unconditional possession of the Vehicle.

23. VW Credit has demanded that MMAS surrender the Vehicle to VW Credit's possession.

24. MMAS has refused, and continues to refuse, to surrender the Vehicle to VW Credit's possession.

25. VW Credit is entitled to an order requiring MMAS to immediately turn over possession of the Vehicle to VW Credit.

26. VW Credit demands judgment against MMAS for immediate possession of the Vehicle, actual damages, consequential damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

**(Conversion)**

27. Plaintiff incorporates by reference all of the paragraphs above as though fully set forth herein.

28. VW Credit is the owner of the Vehicle.

29. The Customer has breached the lease relating to the Vehicle, and VW Credit is therefore entitled to immediate possession.

30. MMAS has wrongfully retained possession of the Vehicle despite demand being made for its return.

31. MMAS continues to refuse to surrender possession of the Vehicle to VW Credit.

32. By these actions, MMAS has purposefully, knowingly and/or intentionally exercised dominion and control over the Vehicle, wrongfully interfering with VW Credit's rights

to possession of it.

33. VW Credit has suffered, and continues to suffer, damages as a result of MMAS's actions.

34. Plaintiff VW Credit demands judgment against MMAS awarding compensatory damages, consequential damages, interest, costs of suit, including attorneys' fees, and such other and further relief the Court deems just and proper.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment)

35. VW Credit incorporates herein by reference all of the allegations contained in each of the above-numbered paragraphs as if fully set forth herein.

36. There is an actual and existing controversy between the parties concerning their respective interests in the Vehicle.

37. VW Credit assert that it continues to own the Vehicle, and, because the Customer has breached the associated lease, it is entitled to possession of the Vehicle.

38. MMAS asserts that MMAS is duly entitled to possession of the Vehicle, free from VW Credit's interests, notwithstanding its alleged rights in the Vehicle stem from fraudulent and sham transfers and documents.

39. The parties will not resolve their respective property interests in the Vehicle absent a judicial declaration of their respective rights and interests.

40. Accordingly, VW Credit is entitled to a declaration of VW Credit's and MMAS's respective rights and interests in the Vehicle.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant and in favor of Plaintiff, and grant the following relief:

1. Declaring that any documents indicating MMAS has any interest in the Vehicle, and any subsequent title documents, are null and void, and do not, and never did, have any effect on VW Credit's ownership interests in the Vehicle;

2. That VW Credit continues to be the owner of the Vehicle;

3. That VW Credit is entitled to unfettered possession of the Vehicle;

4. For the cost of VW Credit's suit and attorneys' fees as special damages; and

5. For such other and further relief as the Court may deem just and proper.

DATED this 9th day of March, 2021.

NORRIS McLAUGHLIN, PA

*/s/ Sarah A. Ferguson*
Nicholas A. Duston, Esq.
NORRIS McLAUGHLIN, PA
400 Crossing Blvd. 8th Fl.
Bridgewater, NJ  08807
(908) 722-0700
naduston@norris-law.com
(*Application for Pro Hac Vice Forthcoming*)

Matthew Addison, Esq. (NSBN 4201)
Sarah Ferguson, Esq. (NSBN 14515)
McDONALD CARANO LLP
100 West Liberty Street. 10th Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
maddison@mcdonaldcarano.com
sferguson@mcdonaldcarano.com
*Attorneys for Plaintiff*

4821-8582-9855, v. 1